UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YESENIA OLIVERA,

    Plaintiff,

v.                                                            Case No: 8:19-cv-1795-T-36TGW

W.S. BADCOCK CORPORATION, d/b/a
BADCOCK HOME FURNITURE &
MORE,

    Defendant.
_____

# **O R D E R**

This cause comes before the Court upon Plaintiff's Unopposed Motion to Substitute Proper Defendant and Motion to Transfer Venue Under 28 U.S.C. § 1404 (Doc. 19) (the "Motion"). The Court, having considered the Motion and being fully advised in the premises, will grant the Motion.

    **I.**    **Substitute Proper Defendant**

Plaintiff seeks to substitute defendant "Badcock Economy Furniture Inc., d/b/a Badcock & More of South Florida" for current defendant "W.S. Badcock Corporation d/b/a Badcock Home Furniture & More" pursuant to Federal Rule of Civil Procedure 21. Doc. 19 at ¶¶ 1-2. Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. District courts have analyzed motions under Rule 21 similar to motions under Rule 15. *Blaszkowski v. Natura Pet Prod., Inc.*, No. 07-21221-CIV, 2008 WL 11408621, at *4 (S.D. Fla. Oct. 8, 2008) (comparing Rules 15 and 21); *Mora v. Nico's Transportation, Inc.*, No. 08-20184-CIV, 2008 WL 11331726, at *1 (S.D. Fla. Oct. 1, 2008) (stating "the standard for deciding a motion under [Rule] 15 or [Rule] 21 would be the same").

Leave to amend may be denied based on undue delay, undue prejudice to the defendant(s), and futility of the amendment. *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (discussing Rule 15). In addition, in considering amendment, district courts must consider the requirements of Rule 16(b)(4), which provides that a Case Management and Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418-19 (11th Cir. 1998). Thus, a movant seeking leave to amend after the deadline must show good cause by demonstrating that despite their diligence, the deadline could not be met. *Sosa*, 133 F.3d at 1419.

The deadline to file motions to add parties or to amend pleadings in this case was November 15, 2019. Doc. 14. The Motion, filed December 23, 2019, seeks to substitute defendants based upon Plaintiff's determination of the proper defendant through discovery and investigation of the facts of this case. *Id.* at ¶ 2. Plaintiff has established good cause. Moreover, Defendant does not oppose the Motion. Therefore, the Court will grant the Motion, allowing Plaintiff to add "Badcock Economy Furniture Inc., d/b/a Badcock & More of South Florida" and to drop "W.S. Badcock Corporation d/b/a Badcock Home Furniture & More."

**II. Transfer**

A district court may transfer any civil action to any other district court where it might have been originally filed, in view of the convenience of the parties and witnesses and in the interests of justice. 28 U.S.C. § 1404(a). A court must consider two issues to determine whether transferring venue is appropriate: 1) whether the action might have been brought in the venue to which transfer is sought; and 2) whether various factors are satisfied to determine if transfer to a more convenient

forum is justified. *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003).

Factors the court considers in determining the propriety of transfer include:

(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Here, Plaintiff seeks to transfer the case to the Southern District of Florida, Miami Division on the basis that the proper defendant is located in Palm Beach Gardens, Florida. Doc. 19 at p. 2. Plaintiff also alleges that the violations pertinent to this case occurred in the Southern District of Florida and that the Southern District of Florida is in close proximity and convenient to all parties, witnesses and relevant documents held by the proper defendant.

Based on the Motion, it appears the Southern District of Florida is a venue in which this action could have been brought and that the convenience of the witnesses, location of relevant documents, convenience of the parties, and locus of operative facts all weigh in favor of transfer. Moreover, the Motion is unopposed. Accordingly, the case will be transferred to the Southern District of Florida.

For the foregoing reasons, the Motion is granted. **Accordingly, it is ORDERED**:

1. Plaintiff's Unopposed Motion to Substitute Proper Defendant and Motion to Transfer Venue Under 28 U.S.C. § 1404 (Doc. 19) is **GRANTED.**

2. Defendant "Badcock Economy Furniture Inc., d/b/a Badcock & More of South Florida" is added, and defendant "W.S. Badcock Corporation d/b/a Badcock Home Furniture & More" is dropped. All subsequent filings shall reflect the substituted Defendant, Badcock

Economy Furniture Inc., d/b/a Badcock & More of South Florida. The Clerk is directed to edit the style of the case to reflect this substitution.

3. This case is hereby **TRANSFERRED** to the Southern District of Florida, Miami Division, for all further proceedings. The Clerk is hereby directed to immediately **transfer** this case to the Southern District of Florida, Miami Division and close this case.

**DONE AND ORDERED** in Tampa, Florida on January 7, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any